UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DERECK SCOTT,

    Plaintiff,

v.

Case No. _19-cv-982_

CENTRAL NEW MEXICO COMMUNITY COLLEGE,
CNM GOVERNING BOARD, and
CNM DISABILITY RESOURCE CENTER,

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Central New Mexico Community College, CNM Governing Board, and CNM Disability Resource Center (hereinafter collectively, "Defendants"), by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Jennifer G. Anderson and Dominic A. Martinez), hereby remove the above-captioned case from the Second Judicial District Court for the State of New Mexico, Bernalillo County, to the United States District Court for the District of New Mexico. In support thereof, Defendants state as follows:

### GROUNDS FOR REMOVAL – FEDERAL QUESTION

1. On August 1, 2019, Plaintiff Dereck Scott commenced this action against Defendants by filing a Complaint in the Second Judicial District Court, County of Bernalillo, New Mexico, Case No. D-202-CV-2019-06121 (the "State Action"). Defendants were served on September 20, 2019 via certified mail. True and correct copies of all pleadings and papers filed and served upon Defendants in the State Action are attached hereto as **Exhibit A**.

2. Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

3. One category of cases over which federal district courts have original jurisdiction is "federal question" cases, meaning those cases "arising under the Constitution, laws, or treaties of the United States." *Metro Life Ins. Co. v. Taylor*, 482 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331).

4. Federal question jurisdiction exists when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

5. Plaintiff asserts claims against Defendants for alleged unlawful discriminatory practices under the New Mexico Human Rights Act ("NMHRA"), NMSA 1978, §§ 28-1-1 to -15, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. *See* Exhibit A, Complaint, ¶ 1. Plaintiff also asserts that Defendants' alleged unlawful discriminatory practices constitute a breach of implied contract. *See* Exhibit A, Complaint, ¶ 121.

6. Because Plaintiff asserts claims arising under federal law, including his claims for violation of the ADA, this Court has original jurisdiction under 28 U.S.C. § 1331. Defendants may remove this action pursuant to 28 U.S.C. § 1441(a) because it arises under federal law, presents a federal question, and is controlled by federal law.

7. Once federal question jurisdiction exists, the district court may exercise supplemental jurisdiction over "state law claims that derive from a common nucleus of fact." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000).

8. Plaintiff asserts state law claims in this case under the NMHRA and for breach of implied contract. *See* Exhibit A, Complaint, ¶¶ 1, 121. These state law claims are based on the same set of operative facts, and form part of the same case or controversy, as Plaintiff's federal law claims. *See id.* at 24 (asking the State Court to "declare the conduct by Defendants a violation of Plaintiff's rights under Title II of the ADA, the New Mexico Human Rights Act; CNM's Student Handbook; and rights under DOE regulations[.]"). Since Plaintiff's NMHRA claim and breach of implied contract claim are both based on the same alleged discriminatory practices as Plaintiff's ADA claim, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). These claims are properly removable under 28 U.S.C. § 1441(c).

9. No responsive pleadings to the Complaint have been filed in the State Action.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place where the action is pending.

## TIMELINESS OF REMOVAL

11. The Complaint was served on Defendants on September 20, 2019.

12. This Notice is filed with the Court within thirty (30) days after the date of service of Plaintiff's Complaint. Accordingly, removal of this action is timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## NOTICES

13. A copy of this Notice is being filed with the Clerk of the Second Judicial District Court, County of Bernalillo, New Mexico, and has been served on Plaintiff in accordance with 28 U.S.C. § 1446(d). A copy of the Notice provided to the state court (without exhibits) is attached to this Notice as **Exhibit B.**

14. Pursuant to D.N.M.LR-Civ. 81.1, to the extent not already provided via this Notice, Defendants will file with the Clerk of the United States District Court for the District of New Mexico legible copies of all records and proceedings from the State Action within twenty-eight (28) days after filing this Notice of Removal.

WHEREFORE, for the above-stated reasons, Defendants respectfully remove this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Dominic A. Martinez*
Jennifer G. Anderson
Dominic A. Martinez
jga@modrall.com
dam@modrall.com
*Attorneys for Defendants*
Post Office Box 2168
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87103-2168
Telephone: (505) 848-1800

4

I HEREBY CERTIFY that on the 18th day of October, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and by regular U.S. Mail:

Amelia P. Nelson
Roybal-Mack & Cordova, P.C.
1121 4th Street NW, Suite 1D
Albuquerque, NM 87102
(505) 288-3500
amelia@roybalmacklaw.com
*Attorney for Plaintiff*


MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By:   */s/ Dominic A. Martinez*
Dominic A. Martinez